IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDOLPH GREEN,<br>Petitioner, | : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : | NO.  24-cv-4736 |
| HOWARD HOLLAND, et al.,<br>Respondents. | : <br> : <br> : | |

## ORDER

AND NOW, this *4th* day of *September*, 2025, upon careful and independent consideration of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 is DISMISSED WITHOUT PREJUDICE.

3. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:

_____
KAI N. SCOTT,    J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

12/23/2024

**RE:** GREEN v. CHIEF DEPUTY CHESTER COUNTY DISTRICT ATTORNEY OFFICE et al.,
**Civil No.** 24-cv-4736

# NOTICE

Enclosed please find a copy of the Report and Recommendation filed by United States Magistrate Judge Lynne A. Sitarski on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties' written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

**KATE BARKMAN**
Clerk of Court

By: s/Amanda Frazier_____
       Amanda Frazier, Deputy Clerk

civ623.frm (11/07)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RANDOLPH GREEN,** | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | NO.   24-cv-4736 |
| | : | |
| **HOWARD HOLLAND, et al.,** | : | |
| Respondents. | : | |

### REPORT AND RECOMMENDATION

**LYNNE A. SITARSKI**
**UNITED STATES MAGISTRATE JUDGE**                                                  December 19, 2024

    Before the Court is a *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by Randolph Green ("Petitioner"), an individual currently incarcerated at the Chester County Prison in West Chester, Pennsylvania. This matter has been referred to me for a Report and Recommendation. For the following reasons, I respectfully recommend that the petition be DISMISSED WITHOUT PREJUDICE.

### I.   PROCEDURAL BACKGROUND[1]

    On September 27, 2023, Petitioner was convicted of aggravated assault, recklessly endangering another person, simple assault and driving under the influence. (CCP Docket at 4).

---

[1] The information in this section regarding Pennsylvania state court proceedings was primarily obtained from the Court of Common Pleas criminal docket sheet in *Commonwealth v. Green*, No. CP-15-CR-0002596-2021, and Superior Court appeal therefrom, 429 EDA 2024, *available at*, respectively, https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-15-CR-0002596-2021&dnh=zp30N3TaQrp5gh6awbroQg%3D%3D and https://ujsportal.pacourts.us/Report/PacDocketSheet?docketNumber=429%20EDA%202024&dnh=A46rVSSm7qfRxDaW6oluPQ%3D%3D (both last visited Dec. 18, 2024) [hereinafter "CCP Docket" and "Appellate Docket," respectively].

On December 11, 2023, he was sentenced to incarceration of 10 to 20 years on the aggravated assault conviction and lesser, concurrent terms on the other convictions. (*Id.* at 4-5). Following an unsuccessful motion to reduce his sentence, he appealed to the Superior Court on February 1, 2024. (*Id.* at 16-17). This appeal remains pending, with Petitioner's appellant brief presently due by January 6, 2025. (Appellate Docket at 4).

On August 30, 2024,[2] Petitioner initiated this federal matter with a *pro se* filing docketed as a petition for writ of habeas corpus. (Hab. Pet., ECF No. 1, at 1). After the Clerk of Court furnished him with a copy of the current standard form for a habeas petition pursuant to 28 U.S.C. § 2254, he filed his amended petition on November 19, 2024. (Am. Hab. Pet., ECF No. 6, at 20). Petitioner asserted two claims that the trial judge abused his discretion in applying an enhancement and thereby entered an illegal sentence and one claim that his trial counsel was ineffective for failing to challenge this sentence. (*Id.* at 7-11). On December 9, 2024, Petitioner filed a supporting brief adding new claims of trial court error relating to the enhancement and of trial court error and ineffectiveness of trial counsel relating to the exercise of the judge's discretion at sentencing generally. (Supp. Br., ECF No. 11). On December 12, 2024, the petition was referred to me for a Report and Recommendation. (Order, ECF No. 9).

**II.     Legal Standard**

---

[2] Pennsylvania and federal courts employ the prisoner mailbox rule, pursuant to which the *pro se* petition is deemed filed when it is given to prison officials for mailing. *See Perry v. Diguglielmo*, 169 F. App'x 134, 136 n.3 (3d Cir. 2006) (citing *Commonwealth v. Little*, 716 A.2d 1287 (Pa. Super. 1998)); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998); *Commonwealth v. Castro*, 766 A.2d 1283, 1287 (Pa. Super. 2001). In this case, Petitioner certified that he gave his habeas petition to prison officials on August 30, 2024, (*see* Hab. Pet., ECF No. 1, at 1), and it will be deemed filed as of that date.

Habeas corpus petitions must be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 further states that a judge must order the respondent to file an answer only "[i]f the petition is not dismissed . . . " *Id.* The language of the rule thus makes clear: where it is plainly apparent from the face of the petition that the petitioner will not prevail, the petition should be dismissed without ordering the respondent to answer. The Advisory Committee Notes to this rule confirm this interpretation, recognizing that "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note to Rule 4 Governing Section 2254 Cases.

## III.   DISCUSSION

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "a district court ordinarily cannot grant a petition for a writ of habeas corpus arising from a petitioner's custody under a state court judgment unless the petitioner first has exhausted his available remedies in state court." *Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010) (citing 28 U.S.C. § 2254(b)(1)(A)); *see also Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir. 1997) ("It is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted the remedies available in the state courts."). The exhaustion requirement is rooted in considerations of comity, and is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." Although the exhaustion rule does not foreclose federal jurisdiction, it "should be strictly

adhered to because it expresses respect for our dual judicial system." *Caswell v. Ryan*, 953 F.2d 853, 857 (3d Cir. 1992) (quoting *Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir. 1990)); *see also Burkett v. Love*, 89 F.3d 135, 137 (3d Cir. 1996) ("Pursuing state remedies is not a mere formality.").

There are two contexts in which the term "exhaustion" is used in federal habeas jurisprudence. First, there is exhaustion with regard to a particular claim. In order for a federal habeas petitioner to exhaust a claim, he "must give the state courts one full opportunity to resolve any constitutional issue[ ] by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *see also Halloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004). In Pennsylvania, one complete round includes presenting the federal claim through the Superior Court on direct appeal or collateral review. *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004). Second, there is exhaustion with regard to a particular conviction or sentence, which means that "the exhaustion requirement has not been satisfied" if state court proceedings attacking the same matter at issue in federal habeas proceedings remain ongoing. *Sledge v. Atty Gen. of Pennsylvania*, No. 13-1075, 2013 WL 4786234, at *5 n.6 (W.D. Pa. Sept. 6, 2013) (citing *K.A.E. v. Wanta*, No. 10–cv–1033, 2010 WL 5126391 at * (E.D. Wis. Nov. 26, 2010) ("When state court proceedings are pending, the exhaustion requirement is generally considered unsatisfied.")); *see also Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) ("[While] an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted."). In either event, "the habeas petitioner carries the burden of proving exhaustion of all available state remedies." *Lambert*, 387 F.3d at 513.

Here, Petitioner cannot carry this burden because his appeal of the challenged sentence is

ongoing. (Appellate Docket at 4). Indeed, he has not even filed his appellant brief yet. (*Id.*). Petitioner must await the outcome of the continuing state proceedings before pursuing relief in federal court. Accordingly, I respectfully recommend that this matter be dismissed without prejudice pending the resolution of Petitioner's state court appeal. *See Banks v. Horn*, 126 F.3d 206, 213 (3d Cir. 1997) (explaining that when the federal court determines there is a possibility of state court review, the petition should be dismissed without prejudice).

IV.   **CONCLUSION**

In light of the pendency of Petitioner's state court appeal, Petitioner has not exhausted his state court remedies and is not entitled to federal habeas relief at this time. Principles of comity compel dismissal of this petition, without prejudice, so as to afford the state system a full opportunity to redress any errors. A certificate of appealability should not issue.

For these reasons, I respectfully make the following:

## RECOMMENDATION

AND NOW, this __19TH__ day of December, 2024, it is RESPECTFULLY RECOMMENDED that the petition for a writ of habeas corpus be summarily DISMISSED WITHOUT PREJUDICE, without the issuance of a certificate of appealability.

Petitioner may file objections to this Report and Recommendation.  *See* Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

___/s/ Lynne A. Sitarski_____
LYNNE A. SITARSKI
United States Magistrate Judge